1   COOLEY LLP
    KOJI F. FUKUMURA (189719)
2   (kfukumura@cooley.com)
    PETER M. ADAMS (243926)
3   (padams@cooley.com)
    CRAIG E. TENBROECK (287848)
4   (ctenbroeck@cooley.com)
    4401 Eastgate Mall
5   San Diego, CA 92121
    Telephone:  (858) 550-6000
6   Facsimile:   (858) 550-6420

7   *Attorneys for Defendants*

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  AMRAM GALMI, Individually and on          Case No.  16-cv-08259-THJ-AS
    behalf of all others similarly situated,
12                                            **MEMORANDUM OF POINTS AND
                  Plaintiff,                  AUTHORITIES IN SUPPORT OF
13                                            DEFENDANTS' MOTION TO
          v.                                  TRANSFER VENUE PURSUANT TO 28
14                                            U.S.C. § 1404(A)**
    TEVA PHARMACEUTICAL
15  INDUSTRIES LIMITED, EREZ
    VIGODMAN, and EYAL DESHEH,
16                                            Date:     February 27, 2017
                  Defendants.                 Time:     Under Submission
17                                            Dept.:    Courtroom 9B
                                              Judge:    Hon. Terry J. Hatter Jr.
18

19  ANTHONY LEONE, Individually and           Case No.  16-cv-09545-DSF-AFM
    on behalf of all others similarly
20  situated,

21                Plaintiff,

22        v.

23  TEVA PHARMACEUTICAL
    INDUSTRIES LIMITED, EREZ
24  VIGODMAN, EYAL DESHEH, and
    KOBI ALTMAN,
25
                  Defendants.
26

27

28

**Table of Contents**

Page

I.     Introduction ........................................................................................................ 1
II.    Background ......................................................................................................... 1
       A.     The Company ...................................................................................... 1
       B.     The Lawsuits ....................................................................................... 2
       C.     The Government Investigations ......................................................... 3
III.   Argument ............................................................................................................ 4
       A.     These Cases "Might Have Been Brought" in the Eastern District of Pennsylvania, Where Teva's U.S. Headquarters Is Located. ................. 5
       B.     The § 1404(A) Factors Weigh Strongly in Favor of Transfer to the Eastern District of Pennsylvania. ................................................................. 5
              1.     Plaintiffs' choice of forum is not entitled to deference. ................. 6
              2.     The Eastern District of Pennsylvania is more convenient for parties and witnesses. ................................................................. 7
              3.     The location of books and records favors transfer. ........................ 8
              4.     The availability of compulsory process favors transfer. ............... 9
              5.     Docket congestion favors transfer. ................................................. 9
IV.    Conclusion ....................................................................................................... 10

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

-i-

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

1

**Table of Authorities**

2

**Page**

3

**Cases**

4

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,

5

   368 F.3d 1174 (9th Cir. 2004) ...................................................................... 4

6

*Amazon.com v. Cendant Corp.*,

7

   404 F. Supp. 2d 1256 (W.D. Wash. 2005) ................................................... 5

8

*In re AtheroGenics Sec. Litig.*,

9

   2006 WL 851708 (S.D.N. Y. Mar. 31, 2006) .............................................. 4

10

*Blass v. Capital Int'l Sec. Grp.*,

   2001 WL 301137 (E.D.N.Y. Mar. 23, 2001) .............................................. 8

11

*Decker Coal Co. v. Commonwealth Edison Co.*,

12

   805 F.2d 834 (9th Cir. 1986) ...................................................................... 5

13

*Fed. Trade Comm'n v. Watson Pharm., Inc.*,

14

   611 F. Supp. 2d 1081 (C.D. Cal. 2009) ...................................................... 4

15

*In re Galectin Therapeutics, Inc. Sec. Litig.*,

16

   2015 WL 260881 (D. Nev. Jan. 21, 2015) .............................................. 6, 8

17

*Galmi v. Teva Pharm. Indus. Ltd.*,

18

   Case No. 16-cv-08259 ......................................................................... 2, 3, 6, 8

19

*Ganezer v. DirectBuy, Inc.*,

20

   2012 WL 12867971 (C.D. Cal. Jan. 30, 2012)........................................ 9, 10

21

*In re Glob. Cash Access Holdings Inc. Sec. Litig.*,

22

   2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008) ............................................ 7

23

*GLT Technovations, LLC v. Fownes Bros. & Co.*,

   2012 WL 1380338 (N.D. Cal. Apr. 20, 2012)........................................... 6, 8

24

*In re Hanger Orthopedic Grp., Inc. Sec. Litig.*,

25

   418 F. Supp. 2d 164 (E.D.N.Y. 2006).................................................... 4, 8

26

*Jones v. GNC Franchising, Inc.*,

27

   211 F.3d 495 (9th Cir. 2000) ...................................................................... 5

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

1

2

**Table of Authorities**
(CONTINUED)

Page

3

4

*Kannar v. Alticor, Inc.*,
  2009 WL 975426 (N.D. Cal. April 9, 2009) ........................................... 8

5

6

*Klein v. Teva Pharm. Indus. Ltd.*,
  Case No. 16-CV-08747 ........................................................................... 2

7

8

*Koster v (Am.) Lumbermens Mut. Cas. Co.*,
  330 U.S. 518 (1947).................................................................................. 6

9

*Leone v. Teva Pharm. Indus. Ltd.*,
  Case No. 16-CV-09545 ................................................................. 2, 3, 6, 8

10

11

*Mason v. Telefunken Semiconductors Am. LLC*,
  2012 WL 6652496 (N.D. Cal. Dec. 20, 2012) ..................................... 10

12

13

*Metz v. U.S. Life Ins. Co. in City of N.Y.*,
  674 F. Supp. 2d 1141 (C.D. Cal. 2009).................................................. 4

14

15

*Polin v. Conductron Corp.*,
  340 F. Supp. 602 (E.D. Pa. 1972)........................................................... 8

16

17

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
  351 F. Supp. 2d 334 (D. Md. 2004)........................................................ 5

18

19

*Rubio v. Monsanto Co.*,
  181 F. Supp. 3d 746 (C.D. Cal. 2016).................................................... 9

20

*Saleh v. Titan Corp.*,
  361 F. Supp. 2d 1152 (S.D. Cal. 2005) ................................................. 6

21

22

*Siddiqi v. Gerber Prod. Co.*,
  2012 WL 11922412 (C.D. Cal. Mar. 26, 2012) .................................... 5

23

24

*Smith v. Aetna Life Ins. Co.*,
  2011 WL 3904131 (N.D. Cal. Sept. 6, 2011)......................................... 8

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iii.

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

1

2

**Table of Authorities**
(CONTINUED)

3

Page

*Tran v. Third Ave. Mgmt. LLC*,
  16-CV-602 (C.D. Cal. Apr. 12, 2016) ........................................................ 3

*Twinde v. Threshold Pharma., Inc.*,
  2007 WL 2746814 (S.D.N.Y. Sept. 17, 2007) ........................................... 6

*United States v. Glazer*,
  16-CR-00506-RBS (E.D. Pa. Dec. 12, 2016) ............................................ 3

*United States v. Malek*,
  16-CR-0050-RBS (E.D. Pa. Dec. 12, 2016) .............................................. 3

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ............................................................................... 4, 8

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) .................................................................... 7

*In re Yahoo! Inc.*,
  2008 WL 707405 (C.D. Cal. Mar. 10, 2008) ..................................... 4, 6, 9

**Statutes**

15 U.S.C.
  § 78aa ........................................................................................................ 5
  § 78u-4(a)(3) ............................................................................................. 3

28 U.S.C.
  § 1331 ........................................................................................................ 5
  § 1404(a) ............................................................................................ *passim*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iv.

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

# I.   INTRODUCTION

The above-captioned cases are stock-drop lawsuits brought against Teva Pharmaceutical Industries Limited ("Teva") and its current and former officers.  Teva is an Israeli-based company with U.S. headquarters near Philadelphia, Pennsylvania.  Neither case has anything whatsoever to do with California.  None of the complained-of acts occurred here; none of the evidence is located here; and all parties and potential witnesses—even plaintiffs themselves—are *thousands* of miles away.  Indeed, the only connection between these cases and the Central District of California is the plaintiffs' lawyers' choice to file here; presumably to increase Teva's litigation expense.  Because it would be more convenient and cost effective for the non-party and party witnesses to proceed in the Eastern District of Pennsylvania where Teva's U.S. subsidiary is headquartered, defendants respectfully request a transfer under 28 U.S.C. § 1404(a).

# II.   BACKGROUND

## A.   The Company

Teva is one of the world's largest manufacturers of generic medicines.  Declaration of Austin Kim in Support of Defendants' Motion to Transfer Venue ("Kim Decl.") ¶ 3.  Defendants Erez Vigodman and Eyal Desheh are the company's CEO and CFO, respectively.  *Id.* ¶¶ 8–9.  Defendant Kobi Altman held a number of senior executive positions at Teva before leaving the company in 2015.  *Id.* ¶ 10.  All three individuals currently live and work in Israel, where Teva's global headquarters is based.  *Id.* ¶¶ 2, 8–10.

Teva conducts business through a network of global subsidiaries.  Kim Decl. ¶ 3.  Its principal subsidiary in the United States is Teva Pharmaceuticals USA, Inc. ("Teva USA"), headquartered in North Wales, Pennsylvania.  *Id.*  North Wales is about 30 miles from Philadelphia in the Eastern District of Pennsylvania.  Several major departments, including sales and marketing for Teva's North American generic medicines business, are based at the North Wales, Pennsylvania offices.  *Id.* ¶ 4.  In

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

addition, staff responsible for the Company's public U.S. filings and investor communications also work in this area, as well as Israel. *Id.* ¶¶ 4–5.

By comparison, Teva maintains only a limited presence in California. *Id.* ¶ 6. Most of its California facilities are used for manufacturing—which is irrelevant to the claims asserted here. *Id.* ¶ 6. No relevant party or (to our knowledge) non-party witnesses are based in California. *Id.* ¶¶ 6, 11. And, no conduct at issue in this case occurred in California. *Id.* ¶¶ 4–5.

## B.    The Lawsuits

In November and December 2016, two putative securities class action complaints were filed in this district: *Galmi v. Teva Pharmaceutical Industries Limited et al.*, Case No. 16-cv-08259 ("*Galmi*") and *Leone v. Teva Pharmaceutical Industries Limited et al.*, Case No. 16-CV-09545 ("*Leone*").[1]  The plaintiffs, both individual investors, reside in <u>Israel</u> (*Galmi*) and <u>New Jersey</u> (*Leone*)—not California. *Galmi* Docket No. 2; *Leone* Docket No. 3.

Plaintiffs allege that defendants engaged in securities fraud by making false and misleading statements and failing to disclose that Teva was colluding with other drug manufacturers to fix prices. *Galmi* Compl. ¶ 21; *Leone* Compl. ¶ 40. *Galmi* is brought on behalf of purchasers of Teva securities between February 2015 and November 2016. *Galmi* Compl. ¶ 1. *Leone* asserts a longer class period (starting February 2014) and names an additional defendant (Altman), but the allegations are otherwise the same. *Leone* Compl. ¶¶ 1, 9. Both complaints assert claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

On January 5, 2017, several investors, unrelated to the named plaintiffs, filed motions seeking consolidation and appointment as lead plaintiff pursuant to the

---

[1] A third lawsuit, captioned *Klein v. Teva Pharmaceutical Industries Limited et al.*, Case No. 16-CV-08747 ("*Klein*"), was filed on November 10, 2016 in the Southern District of New York. The plaintiff voluntarily dismissed that case on December 21, 2016, without explanation.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

Private Securities Litigation Reform Act of 1995.  15 U.S.C. § 78u-4(a)(3).  Those motions are pending.  Among the applicants for lead plaintiff with the largest financial stake, none appear to be based in California.[2]

### C. The Government Investigations

The catalyst for these cases are two long-running government investigations of the generics pharmaceutical industry.  For at least two years, the Antitrust Division of the U.S. Department of Justice and the State of Connecticut Attorney General's office have been investigating generic drug manufacturers.  *Galmi* Compl. ¶ 24; *Leone* Compl. ¶ 44.  These investigations were widely known and publicly reported, in part, because several manufacturers, including Teva USA, had disclosed receipt of subpoenas.  *Galmi* Compl. ¶ 22; *Leone* Compl. ¶¶ 41–42.  In November 2016, these investigations attracted renewed attention amidst news reports of possible criminal charges.  *Galmi* Compl. ¶ 24; *Leone* Compl. ¶ 44.  Teva's stock price dropped, and this stockholder litigation predictably followed.

The next month, federal prosecutors filed price-fixing charges against two former executives of a different company, Heritage Pharmaceuticals Inc. ("Heritage"), in the Eastern District of Pennsylvania.[3]  A group of states (led by Connecticut) filed a civil antitrust complaint in the District of Connecticut against several generic-drug companies, all based on the East Coast.[4]  The defendants in that case include: Heritage (New Jersey), Aurobindo Pharma USA, Inc. (New Jersey), Citron Pharma, LLC (New

---

[2] Courts can (and often do) delay the appointment of lead plaintiff pending resolution of a motion to transfer venue.  *See, e.g.*, *Tran v. Third Ave. Mgmt. LLC*, 16-CV-602, Dkt. No. 53, at 13 (C.D. Cal. Apr. 12, 2016) (finding motions for the appointment of lead plaintiff "more appropriately reserved for the transferee District Judge who will preside over the merits of the putative securities class actions").

[3] *United States v. Malek*, 16-CR-0050-RBS (E.D. Pa. Dec. 12, 2016); *United States v. Glazer*, 16-CR-00506-RBS (E.D. Pa. Dec. 12, 2016).

[4] Declaration of Koji Fukumura ("Fukumura Decl."), Exhibit A.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

1  Jersey), Mayne Pharma, Inc. (North Carolina), Mylan Pharmaceuticals, Inc.
2  (Pennsylvania), and Teva USA (Pennsylvania).[5]

3  **III.  ARGUMENT**

4      "A defendant for whom venue is proper but inconvenient may move for a
5  change of venue under 28 U.S.C. § 1404(a)." *Action Embroidery Corp. v. Atl.*
6  *Embroidery, Inc.*, 368 F3d 1174, 1181 (9th Cir. 2004).  Section 1404(a) is intended to
7  "prevent the waste of time, energy and money and to protect litigants, witnesses, and
8  the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*,
9  376 U.S. 612, 616 (1964) (quotations omitted).

10      "Analysis under § 1404 is two-fold." *Metz v. U.S. Life Ins. Co. in City of N.Y.*,
11  674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009).  "First, the defendant must establish that
12  the matter 'might have been brought' in the district to which transfer is sought." *Id.*
13  "Second, courts must consider the following three factors: (1) the convenience of the
14  parties; (2) the convenience of the witnesses; and (3) the interests of justice." *Id.*
15  "The inquiry is not whether one venue or another would be the best venue; but rather
16  whether there is a venue that is more convenient." *Fed. Trade Comm'n v. Watson*
17  *Pharm., Inc.*, 611 F. Supp. 2d 1081, 1086 (C.D. Cal. 2009).

18      "While there is 'no *per se* rule requiring or presumptively favoring the transfer
19  of a securities-fraud action to the district where the issuer is headquartered,' such
20  transfers to the issuer's home district are routine 'as a practical matter.'" *In re*
21  *AtheroGenics Sec. Litig.*, 2006 WL 851708, at *3 (S.D.N. Y. Mar. 31, 2006) (quoting
22  *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y.
23  2006)); *see also In re Yahoo! Inc.*, 2008 WL 707405, at *9 (C.D. Cal. Mar. 10, 2008)
24  (collecting cases).

25
26
27
28  ----------------

[5] Fukumura Decl., Ex. A ¶¶ 21–26.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

**A.** **These Cases "Might Have Been Brought" in the Eastern District of Pennsylvania, Where Teva's U.S. Headquarters Is Located.**

The threshold question is whether these cases "might have been brought" in the Eastern District of Pennsylvania.   Plainly, the answer is yes.   Subject matter jurisdiction exists there (as it does in all district courts) because the claims arise under federal law.  28 U.S.C. § 1331.  Similarly, personal jurisdiction exists because the claims are predicated upon Teva's SEC filings, which the individual defendants signed.  *See, e.g., In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 351–52 (D. Md. 2004) ("United States courts frequently have asserted personal jurisdiction over [foreign] individual defendants who sign or, as control persons, approve the filing or disseminating of, particular forms required by the SEC which they knew or should have known would be relied on by U.S. investors.").  Lastly, venue lies in the Eastern District of Pennsylvania because it is the epicenter of Teva's U.S. generics operations.  15 U.S.C. § 78aa; Kim Decl. ¶ 3.

**B.** **The § 1404(A) Factors Weigh Strongly in Favor of Transfer to the Eastern District of Pennsylvania.**

Because plaintiffs could have sued in Pennsylvania, the decision to transfer turns on the "convenience of parties and witnesses" and "interest of justice." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005). These standards encompass a number of other possible considerations.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).  These include: (1) plaintiffs' choice of forum, (2) convenience to the parties and witnesses; (3) relative ease of access to evidence; (4) availability of compulsory process for attendance of unwilling witnesses; and (5) administrative considerations.  *See, e.g.*, *Siddiqi v. Gerber Prod. Co.*, 2012 WL 11922412, at *2 (C.D. Cal. Mar. 26, 2012) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

Here, the balance of interests greatly favors transfer to the Eastern District of Pennsylvania.[6]

### 1.   Plaintiffs' choice of forum is not entitled to deference.

The deference normally given a plaintiff's choice of forum is not warranted where, as here, that choice was "patently artificial." *Twinde v. Threshold Pharma., Inc.*, 2007 WL 2746814, at *1 (S.D.N.Y. Sept. 17, 2007).   As discussed above (section II.B), neither plaintiff resides in California—nor even the same time zone.   In addition, these cases are class actions.   As such, plaintiffs seek to represent, not just themselves, but investors nationwide, "all of whom could with equal show of right go into their many home courts." *Koster v (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947).   In such cases, "the usual reasons for deferring to a plaintiff's choice of forum do not apply." *Yahoo!*, 2008 WL 707405, at *6.

The central facts of these cases also have nothing to do with California. Plaintiffs' claims are predicated on the nondisclosure of an alleged price fixing scheme involving Teva USA and certain competitors, all of which are located on the East Coast. *Galmi* Compl. ¶ 21; *Leone* Compl. ¶ 40; Ex. A ¶¶ 21–26.   All sales, marketing, and finance executives with responsibility for U.S. generics pricing are based in Pennsylvania.   Kim Decl. ¶ 4.   Moreover, all the purported false statements were prepared in Pennsylvania and Israel. *Id.* ¶ 5.   Therefore, because the factual center of this case is Pennsylvania (or at least the Northeast corridor), plaintiffs' choice of forum is relatively unimportant. *GLT Technovations, LLC v. Fownes Bros. & Co.*, 2012 WL 1380338, at *4 (N.D. Cal. Apr. 20, 2012); *see also Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("[N]umerous courts have given

---

[6] Other factors courts have considered, such as each forum's familiarity with governing law, are either neutral or irrelevant in this case. *See In re Galectin Therapeutics, Inc. Sec. Litig.*, 2015 WL 260881, at *5 (D. Nev. Jan. 21, 2015) (noting that all federal courts are equally capable of applying federal securities law).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

1   less deference to the plaintiff's choice of forum where the action has little connection
2   with the chosen forum.").

3        **2.    The Eastern District of Pennsylvania is more convenient for**
4             **parties and witnesses.**

5        The convenience of the parties and witnesses greatly favors the Eastern District
6   of Pennsylvania.  Put simply: distance matters.  *See In re Volkswagen AG*, 371 F.3d
7   201, 205 (5th Cir. 2004) ("Additional distance means additional travel time; additional
8   travel time increases the probability for meal and lodging expenses; and additional
9   travel time with overnight stays increases the time which these fact witnesses must be
10  away from their regular employment.").  Here, all parties and potential witnesses are
11  much closer to Philadelphia than Los Angeles.

12       In a securities class action, key witnesses are frequently officers and employees
13  of the issuer who participated in drafting or distributing the allegedly misleading
14  statements.  *In re Glob. Cash Access Holdings Inc. Sec. Litig.*, 2008 WL 4344531, at
15  *6 (S.D.N.Y. Sept. 18, 2008).   In this case, those individuals are located in
16  Pennsylvania and Israel—most notably Austin Kim, Vice President and Deputy
17  General Counsel, Corporate/M&A of Teva.  Kim Decl. ¶¶ 4–5.

18       Even more important, the most likely third-party witnesses—other drug
19  companies and government investigators—are concentrated in the Northeast.   The
20  Connecticut Attorney General's office, for example, is in Hartford, Connecticut.[7]  The
21  U.S. Department of Justice, Antitrust Division, is in Washington D.C.[8]  And the other
22  pharmaceutical companies named in the Connecticut antitrust case are located in
23  Pennsylvania, New Jersey, and North Carolina.[9]  Requiring such witnesses to travel
24  cross country, for seemingly no reason, is the definition of "unnecessary

25
26  [7] CONNECTICUT OFFICE OF THE ATTORNEY GENERAL (2017), http://www.ct.gov/ag/.
27  [8] U.S. DEP'T OF JUSTICE (2017), https://www.justice.gov/atr/contact-information.
28  [9] Fukumura Decl., Ex. A at ¶¶ 21–26.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

1  inconvenience and expense." *Van Dusen*, 376 U.S. at 616; *see also GLT*, 2012 WL

2  1380338, at *4 (finding that the Southern District of New York would be more

3  convenient for a witness in Massachusetts than the Northern District of California);

4  *Kannar v. Alticor, Inc.*, 2009 WL 975426, at *2 (N.D. Cal. April 9, 2009) (finding that

5  the Central and Northern Districts of California would be more convenient for

6  witnesses who live in Australia than the Western District of Michigan).

7      Transfer would also reduce the burden on the parties.  All individual defendants

8  reside in Israel.  Kim Decl. ¶¶ 8–10.  Plaintiffs reside in Israel and New Jersey.  *Galmi*

9  Docket No. 2; *Leone* Docket No. 2.  It strains credulity to believe that trial in

10 California would be more convenient—for anybody—than a trial on the East Coast.[10]

11 Not only are flights to Philadelphia from Israel shorter than flights to Los Angeles (by

12 several hours), but the party defendants "could pursue their duties at the corporate

13 headquarters in the [Pennsylvania] area during the course of the trial." *Polin v.

14 Conductron Corp.*, 340 F. Supp. 602, 606 (E.D. Pa. 1972).  If, on the other hand,

15 Teva's top executives were required to defend themselves in California "there is a

16 'real risk of disrupting company operations' due to the amount of travel that may be

17 necessary." *Galectin*, 2015 WL 260881, at *3 (quoting *Hanger*, 418 F. Supp. 2d at

18 169).

19          **3.    The location of books and records favors transfer.**

20     "Securities fraud litigation almost invariably involves production and review of

21 a vast number of documents, almost all of which will be in the defendants' possession."

22 *Blass v. Capital Int'l Sec. Grp.*, 2001 WL 301137, at *6 (E.D.N.Y. Mar. 23, 2001).

23 Here, many documents relating to the subject matter of this lawsuit—*e.g.*, materials

24 related to Teva USA, drug pricing, and U.S. competitors—are located in Pennsylvania,

25 ─────────────

26 [10] Although plaintiffs' counsel have offices in this district, convenience of counsel "is

27 not considered for purposes of deciding whether a venue is convenient for the
   purposes of § 1404(a)." *Smith v. Aetna Life Ins. Co.*, 2011 WL 3904131, at *2 (N.D.

28 Cal. Sept. 6, 2011).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

1    or if not there, Israel. Kim Decl. ¶ 7.  None of this information is located in the

2    Central District of California.  *Id.*  Similarly, any documents possessed by third

3    parties—*e.g.*, government investigators—are in the Northeast.  Thus, given the

4    probable location of relevant books and records—all closer to Pennsylvania than

5    California—this factor weighs heavily in favor of transfer.  *See Yahoo!*, 2008 WL

6    707405, at *9 ("Although the location of relevant documents may be of less

7    significance in light of modern copying and reproduction technologies, it nonetheless

8    retains at least some relevance to the venue inquiry.").

9              **4.     The availability of compulsory process favors transfer.**

10          It is impossible to say with certainty at this juncture whether any witnesses may

11   be unwilling to testify.  Nonetheless, because the center of gravity of this case is in the

12   Northeast, to the extent there are unwilling witnesses in the United States, they are

13   more likely to be within the subpoena power of the Eastern District of Pennsylvania

14   than the Central District of California.  *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746,

15   765 (C.D. Cal. 2016) ("[T]he fact that potential key witnesses . . . are located outside

16   of this district, and this Court may not exercise compulsory process over them, may

17   impede one side's ability to prove its case.").

18             **5.     Docket congestion favors transfer.**

19          Lastly, the Central District of California is "consistently considered one of the

20   busiest in the country."  *Ganezer v. DirectBuy, Inc.*, 2012 WL 12867971, at *9 (C.D.

21   Cal. Jan. 30, 2012).  As of September 2016, weighted filings stood at 567 per

22   judgeship—the fourteenth highest number among all U.S. District Courts—while the

23   weighted filings in the Eastern District of Pennsylvania stand at 312 per judgeship,

24   74th among U.S. District Courts. [11]  "The docket congestion factor therefore strongly

25   favors transfer."  *Id.* at *9 (considering "weighted filings," a statistic that accounts for

26   _____

27   [11]  U.S. COURTS, FEDERAL MANAGEMENT STATISTICS, SEPTEMBER 2016 (2016),
     http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-

28   september-2016.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545

the complexity of cases, in a section 1404(a) analysis); *Mason v. Telefunken Semiconductors Am. LLC*, 2012 WL 6652496, at *2 (N.D. Cal. Dec. 20, 2012) (same).

**IV.    CONCLUSION**

Because these cases could have been brought in the Eastern District of Pennsylvania and because the parties' and witnesses' conveniences, as well as the interests of justice, favor transfer, defendants respectfully request that the Court transfer these actions to the Eastern District of Pennsylvania, where Teva's U.S. headquarters is located.


Dated: January 17, 2017                         COOLEY LLP


                                                */s/Koji F. Fukumura*
                                                Koji F. Fukumura (189719)

                                                Attorneys for Defendants

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

MEMORANDUM ISO MOTION TO TRANSFER
CASE NO. 16-CV-08259
CASE NO. 16-CV-09545