# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| AMRAM GALMI,<br><br>    Plaintiff,<br><br>    v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LIMITED, *et al.*,<br><br>    Defendants. | CV 16-08259 TJH (ASx)<br><br>Order<br><br>JS-6 |
| ANTHONY LEONE,<br><br>    Plaintiff,<br><br>    v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LIMITED, *et al.*,<br><br>    Defendants. | CV 16-09545 TJH (ASx) |

The Court has considered the motions to consolidate filed by Teva Investor Group [16-cv-08259, Dkt. # 15], TIAA [16-cv-08259, Dkt. # 21], Ontario Teachers' Pension Plan [16-cv-08259, Dkt. # 18], Robert Brosnan [16-cv-08259, Dkt. # 8], and Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [16-cv-08259, Dkt. # 37], together with the moving and opposing papers.

Plaintiff Amram Galmi lives in Isreal, and Plaintiff Anthony Leone lives in New Jersey. Plaintiffs assert claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 arising from Defendant Teva Pharmaceutical Industries Limited's ["Teva"] alleged failure to disclose that, *inter alia*, "Teva was engaging and/or had engaged in conduct that would result in an antitrust investigation by the U.S. Department of Justice ("DOJ") and the State of Connecticut Office of the Attorney General . . . ." Teva's global headquarters is located in Israel, and its principal subsidiary in the United States is headquartered in North Wales, Pennsylvania. All individual Defendants live and work in Israel. In 2016, Connecticut, joined by other states, filed a civil antitrust case in the District of Connecticut against several generic-drug companies, including Teva.

**Motion to Consolidate**

Pursuant to Fed. R. Civ. P. 42(a), the Court has broad discretion to consolidate cases that involve a common question of law or fact. *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). Additionally, the Private Securities Litigation Reform Act ["PSLRA"], 15 U.S.C. § 78u-4, supports the consolidation of actions where more than one action on behalf of a class asserting substantially the same claim or claims arising under a common question of law or fact has been filed. 15 U.S.C. § 78u-4(a)(3)(A)(ii).

Here, both cases (16-cv-8259 and 16-cv-9545) are based on the same facts — that Defendants allegedly made misleading public statements, *inter alia*, obscuring Teva's alleged collusion with pharmaceutical industry peers to fix prices — and allege similar class periods. Both cases allege violations of §§ 10(b) and 20(a) of the Federal Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a). Accordingly, both cases involve common questions of law and fact, and consolidation is appropriate.

**Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)**

The Court may grant a motion to transfer venue for the convenience of parties

and witnesses, in the interests of justice to any other district or division where the action might have been brought. 28 U.S.C. § 1404(a). In deciding a motion to transfer, the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *See* 28 U.S.C. § 1404(a). With respect to the "interests of justice" factor, the Court may consider, *inter alia*, the plaintiff's choice of forum, the respective parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, the differences in the costs of litigation in the two forums, and the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

The first two factors — the convenience of the parties and witnesses — weigh in favor of transfer. The parties are located in New Jersey, Israel, and Pennsylvania. The pleadings and papers before the Court indicate that the primary witnesses in these cases are in Washington, D.C., and Connecticut.

The third factor — the interests of justice — weighs in favor of transfer, as well. Generally, the plaintiff's choice of forum is accorded substantial weight. *North Acceptance Trust 1065 v. Gray*, 423 F.2d 653, 654 (9th Cir. 1970). However, this deference is based on the assumption that the plaintiff's choice of forum is convenient, and less deference is accorded where the plaintiff is not a resident of the forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981). This deference is, further, mitigated where, as here, the plaintiff's choice of forum has "no meaningful ties to the controversy and no particular interest in the parties or subject matter." *See Chung v. Chrysler Corp.*, 903 F.Supp. 160, 165 (D.D.C. 1995) (internal quotations omitted). Lastly, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Not only is neither Plaintiff a resident of the forum, the Central District has no meaningful ties to these cases, and has no particular interest in the parties or subject matter. *See Chung*, 903 F.Supp. at 165.

Taken together, the minimal deference, if any, accorded to Plaintiffs' choice of

forum is far outweighed by the other factors. Thus, transfer is proper. The next question is where. Defendants moved to transfer the case to the Eastern District of Pennsylvania "where Teva's U.S. headquarters is located." However, generally, the defendant's choice of forum is given little weight — particularly where the defendant is a large corporation. *See Miracle v. N.Y.P. Holdings, Inc.*, 87 F. Supp. 2d 1060, 1073–74 (D. Haw. 2000).

The Court may transfer the instant cases, *sua sponte*, persuant to 28 U.S.C. § 1404(a). *See Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 966 (9th Cir. 1993). Although the Court need not find the *best* venue, *Fed. Trade Comm'n v. Watson Pharm., Inc.*, 611 F. Supp. 2d 1081, 1086 (C.D. Cal. 2009), the Court notes that the convenience of *witnesses* is "probably the most important factor in deciding" whether to transfer a case, *Filmline (Cross Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989) (quotations and alteration omitted), followed by the interests of justice. Connecticut is both the location of one of the non-party witnesses, and the venue for an antitrust lawsuit apparently related to these cases. Accordingly,

It is Ordered that 16-cv-8259 and 16-cv-9545 be, and hereby are, Consolidated for all purposes.

It is Further Ordered, *sua sponte*, that the consolidated case be, and hereby is, Transferred to the District of Connecticut.

Date: April 3, 2017

_____
Terry J. Hatter, Jr.
Senior United States District Judge